IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JANEL CHARLES,** *Supervised Administrator of the Estate of Michael Jefferson,*<br><br>**Plaintiff,**<br><br>v.<br><br>**JACQUELINE LASHBROOK, JASON BECKER, DONALD LINDENBERG, KEVIN HELD, JERRY WITTHOFT, MICHAEL MONJE, ALEX JONES, and JUSTIN SNELL,**<br><br>**Defendants.** | Case No. 18-cv-00463-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a motion for summary judgment filed by Defendants Becker, Held, Jones, Lashbrook, Lindenberg, Monje, Snell, and Witthoft on June 2, 2020 (Doc. 74). On June 8, 2020, the Court entered an order directing Plaintiff to file a response to the motion by July 6, 2020. (Doc. 75). The Court warned Plaintiff that failure to file a response would be deemed an admission of the merits of the motion and result in dismissal of this action. (Doc. 75). The deadline has passed, and Plaintiff has not responded to Defendants' motion.[1] For the reasons provided below, the Court grants the

---

[1] At the commencement of this case, Plaintiff was represented by Attorneys Oppenheimer and Maisuria. On August 13, 2019, the Court granted the motion to for Maisuria to withdraw (Doc. 54), and on November 22, 2019, following a hearing, the Court granted the motion for Oppenheimer to withdraw (Doc. 63).

motion for summary judgment.

Plaintiff, Janel Charles, commenced this suit as the Administrator of the Estate of Michael Jefferson pursuant to 28 U.S.C. § 1983 for alleged deprivations of Jefferson's constitutional rights that occurred at Menard Correctional Center ("Menard"). Plaintiff claims that in July 2017 Jefferson was held in a segregation cell and exposed to excessive heat that caused him to suffer from hyperthermia or a heat-related illness and resulted in his death. (Doc. 38). Plaintiff asserts an Eighth Amendment claim for unconstitutional conditions of confinement against Defendants Becker, Lindenberg, Held, Witthoft, Monje, Jones, and Snell for allowing Jefferson to suffer from hyperthermia or succumb to a heat-related illness (Count I) and Eighth Amendment claims for unconstitutional conditions of confinement against Defendants Lindenberg, Held, Witthoft, Monje, Jones, Snell, and Lashbrook, as supervisors, for failing to prevent Jefferson's hyperthermia and perpetuating systemic conduct of inaction regarding the dangers of hyperthermia (Counts II and III).

In their motion for summary judgment, Defendants argue that Plaintiff's claims are unsupported by evidence. They state that Plaintiff has not provided evidence showing (1) that the conditions of Jefferson's cell caused his death or posed a serious risk to his health or safety; (2) that Defendants acted with deliberate indifference regarding Jefferson's cell conditions or were aware of any complaints Jefferson had regarding a medical or physical condition or the conditions of his cell; and (3) that there was a policy

---

Plaintiff was given 60 days to retain new counsel. As of this date, Plaintiff is proceeding *pro se*.

or practice at Menard of inaction regarding the temperature of the cells or disregarding the measures and procedures in place to address overheating. (Doc. 74).

As mentioned, Plaintiff did not file a response to Defendants' motion. Pursuant to Federal Rule of Civil Procedure 56(e), "[i]f a party fails ... to properly address another party's assertion of fact" the Court may "consider the fact undisputed for purposes of the motion." Also, under Local Rule 7.1(c), a party's "[f]ailure to timely file a response to a motion may, in the Court's discretion, be considered an admission of the merits of the motion." Thus, the Court deems Plaintiff's failure to respond as an admission of the merits of the motion filed by Defendants. *See Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003); *Flynn v. Sandahl*, 58 F.3d 283, 288 (7th Cir. 1995) (noting that a failure to respond constitutes an admission that there are no undisputed material facts).

Based on this admission, the Court finds that Defendants did not act with deliberate indifference toward the alleged risk of substantial harm caused by Jefferson's cell conditions. *See Vasquez v. Frank,* 290 F. App'x 927, 292-30 (7th Cir. 2008) (discussing the elements necessary to prevail on an Eighth Amendment conditions of confinement claim). There is no evidence regarding Defendants' state of mind and knowledge at the time of the alleged violation. Through answers to interrogatories, each Defendant denies being aware of any actions by a defendant or individual that caused or contributed to Jefferson's death and claim that they were not aware of complaints made by Jefferson regarding his medical and physical condition. *See Owens v. Hinsley*, 635 F. 3d 950, 954 (7th Cir. 2011) ("a declaration under § 1746 is equivalent to an affidavit for purposes of summary judgment"); 28 U.S.C. § 1746. Accordingly, Defendants are entitled to summary

judgment on each of Plaintiff's Eighth Amendment claims (Counts I, II, and II).

The Court **GRANTS** the motion for summary judgment (Doc. 74) filed by Becker, Held, Jones, Lashbrook, Lindenberg, Monje, Snell, and Witthoft and **DISMISSES** this action **with prejudice**. The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:   July 23, 2020**

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**